Jose Servado GARCIA–FUENTE, aka Jose Servando Garcia–Fuente, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73327.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Camille K. Cook, Robert W. Yarra, PLC, Jeremy M. Clason, Freson, CA, for Petitioner.

Christopher P. McGreal, OIL, Aviva L. Poczter, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose Servado Garcia–Fuente, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order that (1) dismissed his appeal from an immigration judge's ("IJ") decision to deny his motion to continue and (2) denied his motion to remand for consideration of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of petitioner's motions. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam) (motion to continue); *de Jesus Melendez v. Gonzales,* 503 F.3d 1019, 1023 (9th Cir. 2007) (motion to remand). We review de novo due process claims. *Sandoval–Luna,* 526 F.3d at 1246. We deny the petition for review.

The IJ did not abuse her discretion in denying the motion to continue because the IJ had previously granted several continuances and the petitioner was not statutorily eligible for cancellation of removal. *See id.* at 1247 (denial of motion to contin-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ue was not abuse of discretion where prior continuances were granted and alien was not immediately eligible for relief).

The BIA did not abuse its discretion in denying the motion to remand because the petitioner did not offer any hardship evidence to establish his eligibility for cancellation of removal. *See INS v. Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (requiring applicant to show prima facie eligibility for the underlying substantive relief requested). It follows that petitioner has not established a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge … [a petitioner] must show error and substantial prejudice.").

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**