YOUNG WHAN CHUNG; Ho Kyun Chung, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–70168.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Brendan Paul Hogan, Esquire, Anthony Paul Nicastro, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Young Whan Chung and his son, Ho Kyun Chung, natives and citizens of South Korea, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their motion for a continuance and denying their motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion both the denial of a continuance, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir.2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to continue, because petitioners' eligibility for relief was speculative and not immediately available. *See Sandoval–Luna*, 526 F.3d at 1247.

The BIA did not abuse its discretion by denying petitioners' motion to remand because they failed to set forth a prima facie case for relief. *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir.2003); *see also Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir.2008).

We lack jurisdiction to consider petitioners' contention that they are eligible for a waiver, because this issue was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

