**Juan GARCIA–RODRIGUEZ; Guadalupe Medina–Merlos, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–71643.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 21, 2010.

Bernard J. Austin, Michael S. Cabrera, Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Vanessa O. Lefort, Emily A. Radford, U.S. Department of Justice

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**818**

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Juan Garcia–Rodriguez and Guadalupe Medina–Merlos, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order sustaining the government's appeal from an immigration judge's decision granting petitioners cancellation of removal, and denying petitioners' motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the denial of a motion to remand, *de Jesus Melendez v. Gonzales,* 503 F.3d 1019, 1023 (9th Cir.2007). We dismiss in part and deny in part the petition for review.

We lack jurisdiction over petitioners' contention that the BIA failed to consider the cumulative impact of their hardship evidence because it is not supported by the record and does not amount to a colorable constitutional claim. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir.2009).

The BIA acted within its broad discretion in determining that the evidence newly presented on appeal was insufficient to warrant a remand. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or con-trary to law"). Petitioners' due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.