**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM DE JESUS MELENDEZ,
                    *Petitioner,*

            v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 05-73581

Agency No.
A76-859-991

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 20, 2007—San Francisco, California

Filed September 19, 2007

Before: Mary M. Schroeder, Chief Circuit Judge,
Stephen S. Trott, Circuit Judge, and Gary A. Feess,*
District Judge.

Opinion by Judge Feess

---

*The Honorable Gary A. Feess, United States District Judge for the
Central District of California, sitting by designation.

12653

**COUNSEL**

Lamar Peckham, Santa Rosa, California, for the petitioner.

Marshall Tamor Golding, United States Department of Justice, Washington, D.C., for the respondent.

---

**OPINION**

FEESS, District Judge:

This case presents the question whether an alien may avoid the immigration consequences of a drug conviction as a "first time offender" when, as the result of a previous arrest for drug possession, he was granted "pretrial diversion" under a state rehabilitation scheme that did not require him to plead guilty. We hold that he may not.

## I.

### *INTRODUCTION*

Petitioner William de Jesus Melendez appeals from a decision of the Board of Immigration Appeals ("BIA") denying his motion for adjustment of status and ordering him removed to El Salvador. Petitioner entered the United States without having been admitted or paroled, and was arrested and prosecuted for possession of a controlled substance by the State of California in 1996. The 1996 prosecution resulted in "pretrial diversion," and because Petitioner successfully completed a drug education, treatment, or rehabilitation program, the criminal charges were eventually dismissed without Petitioner entering a plea or being found guilty. In 1998, the government initiated removal proceedings, after which Petitioner married a United States citizen who in early 1999 petitioned for an immigrant relative visa (form I-130) on Petitioner's behalf. The I-130 was approved, but whatever advantage Petitioner might have gained as a result was undermined when he was arrested again and convicted in late 1999 of possession of a controlled substance.

Thereafter, an Immigration Judge ("IJ") denied petitioner's application for adjustment of status and ordered him removed to El Salvador because of his 1999 conviction. Petitioner appealed to the BIA, and during the pendency of that appeal, obtained an order from the state court expunging his conviction under California Penal Code section 1203.4. Despite the relief from the state court, the BIA dismissed the appeal and denied Petitioner's request for remand, reasoning that section 1203.4 expungements do not eliminate the conviction for immigration purposes. Petitioner appealed to this court, and also moved the BIA for reconsideration on the ground that the section 1203.4 expungement was the equivalent of a Federal First Offender Act ("FFOA") expungement and therefore precluded consideration of his conviction for immigration purposes. The BIA rejected the argument and denied the motion because the 1996 diversion constituted Petitioner's one opportunity to obtain the benefits conferred under the FFOA.

Although Petitioner has not appealed the denial of the motion for reconsideration, we hold that the rationale articulated in that denial was correct and would make any remand an exercise in futility: the BIA properly concluded the 1996 diversion barred Petitioner from further relief under the FFOA. Even though the diversion did not involve a guilty plea, the BIA need only have had a rational basis for treating Petitioner as other than a one-time offender. Because the fact of his 1996 arrest and consent to participate in diversion constitutes such a rational basis, the BIA properly concluded Petitioner was ineligible for further leniency for the 1999 conviction. The petition is therefore **DISMISSED**.

## II.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Petitioner is a 32-year old native and citizen of El Salvador who entered the United States in February 1992 without having been admitted or paroled, and is thus removable under

section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a). In December 1996, he was charged with violations of section 23152(a) of the California Vehicle Code for driving under the influence, and section 11350(a) of the California Health and Safety Code for possession of a controlled substance. Apparently as the result of a plea bargain, the Vehicle Code charge was eventually reduced to a violation of section 23103.5 for reckless driving related to alcohol; Petitioner pled no contest to the reduced charge and was sentenced. As to the controlled substance charge, on December 24, 1996, Petitioner was granted "diversion" pursuant to section 1000.2 of the California Penal Code, and the criminal proceedings were suspended. Although the record does not indicate precisely what the diversion entailed, section 1000.2 mandated that Petitioner participate in either a county-run or county-approved drug education, treatment, or rehabilitation program. In any event, Petitioner successfully completed the diversion program, and so the controlled substance charge was dismissed on September 5, 1997.

The government initiated removal proceedings in December 1998. Shortly thereafter, Petitioner married a United States citizen, who filed a petition for an immigrant relative visa (form I-130) on Petitioner's behalf on August 16, 1999.

Just months after the petition was filed, however, in October 1999, Petitioner again was charged with, among other things, possession of a controlled substance (cocaine or methamphetamine), this time pursuant to section 11377(a) of the California Health and Safety Code. On December 6, 1999, he was convicted.

Despite the conviction, Petitioner continued his efforts to remain in the United States. On May 7, 2001, the I-130 was approved. On the basis of that approval, on August 8, 2001, Petitioner applied for adjustment of status with the Immigration Court.

The government opposed the adjustment on the basis of Petitioner's criminal history. On January 29, 2004, it asked the Immigration Court to deny his petition because of the 1999 conviction. The next day, Petitioner moved for a continuance so that he could attempt to have the 1999 conviction expunged. The IJ denied the motion on the ground that no relief in the state court would change the immigration consequences of the conviction, which, the judge concluded, made him ineligible for adjustment, and thus ordered Petitioner removed to El Salvador. Petitioner timely appealed to the BIA.

Before the BIA addressed the appeal, however, Petitioner obtained relief from the state court: on July 16, 2004, the 1999 conviction was "expunged" pursuant to section 1203.4 of the California Penal Code. Therefore, on August 4, 2004, Petitioner asked the BIA to remand the matter to the IJ on the basis that the 1999 conviction was no longer considered a "conviction" for immigration purposes because it was a first-time, simple possession offense that had been expunged (and, implicitly, therefore qualified for treatment under the Federal First Offender Act).

The government opposed the motion to remand, arguing that Petitioner's pretrial diversion of the 1996 controlled substance charge "was the state-law equivalent of prejudgment probation under the FFOA," and thus that he would not have been eligible for FFOA treatment for his 1999 conviction, which would remain effective for immigration purposes.

The BIA sided with the government, and on May 18, 2005 denied the motion to remand because it concluded that the expungement did not present material new evidence that would have changed the result at the hearing below. The BIA's rationale was simply that "an alien whose conviction was expunged pursuant to California Penal Code § 1203.4 has been 'convicted' for immigration purposes." The BIA also

adopted the IJ's decision as to Petitioner's ineligibility for adjustment, and thus dismissed his appeal.

Petitioner filed this review petition on June 17, 2005, seeking to overturn the BIA's May 18, 2005 decision to deny a remand. At the same time, he did not abandon his efforts at the BIA itself, as on June 20, 2005, he moved for reconsideration of the remand denial. This motion was denied, however, as the BIA cited an alternate ground for the denial of remand: that the expungement was irrelevant because Petitioner had already received FFOA treatment in the form of his pre-plea diversion for the 1996 charge, and thus could not receive FFOA treatment a second time for the 1999 conviction. Petitioner has not separately appealed this decision, though the bulk of his briefing is devoted to attacking its rationale.

### III.

### JURISDICTION

The Immigration and Nationality Act ("INA") ordinarily divests the courts of appeals of jurisdiction to review any "final order of removal" against an alien who is removable for having committed a controlled substance offense. 8 U.S.C. § 1252(a)(2)(C). The court retains jurisdiction, however, to consider whether the jurisdictional bar applies. *Lujan-Armendariz v. INS*, 222 F.3d 728, 734 (9th Cir. 2000). Moreover, the Act states that "[n]othing [herein] . . . which limits or eliminates judicial review shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

Here, Petitioner raises a colorable question of law: whether his 1999 controlled substance conviction precludes him from seeking an adjustment of status even though it was expunged pursuant to section 1203.4 of the California Penal Code. In such cases, the jurisdictional inquiry collapses into the merits, and so we may determine whether the expungement means

Petitioner has not been "convicted" of a controlled substance violation for purposes of the immigration laws. *Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1286-87 (9th Cir. 2004).[1]

## *IV.*

## *DISCUSSION*

### A.   Standard of Review

The BIA's denial of a motion to remand is reviewed for abuse of discretion and will therefore be reversed only if the BIA acted arbitrarily, irrationally, or contrary to the law. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). In assessing whether a decision is contrary to law, the BIA's interpretation of the immigration statutes is generally entitled to deference, unless the interpretation is contrary to the plain and sensible meaning of the statute. *See, e.g.*, *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). No deference is owed to the BIA's interpretation of statutes that it does not administer, however. *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 843 (9th Cir. 2003).

Here, the BIA's exercise of discretion essentially turned on a question of law: whether Petitioner's 1999 conviction carried immigration consequences even after it was expunged. As discussed below, this determination turns on statutory interpretation of the FFOA, which the BIA does not adminis-

---

[1]The BIA's denial of reconsideration is not before this panel because Petitioner does not seek review of that order. *See Martinez-Zelaya v. INS*, 841 F.2d 294, 295-96 (9th Cir. 1988). Nonetheless, we address that order's rationale because it articulated an alternate ground for the BIA's denial of remand, which we ultimately conclude is correct and thus obviates any possibility that we would remand to the BIA. *See Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 566 n.9 (9th Cir. 1985) (no remand to agency required when to do so would be futile); *cf., e.g.*, *Mattis v. INS*, 774 F.2d 965, 968 (9th Cir. 1985) (we will not affirm the BIA on a basis it did not articulate).

ter, as well as equal protection principles. Accordingly, the legal inquiry will proceed without any particular deference to the BIA's analysis.

## B.   Statutory Framework

**[1]** Under section 245 of the INA, "[a]n alien physically present in the United States who entered the United States without inspection" and who is the beneficiary of an I-130 Form "may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(i); *United States v. Hermoso-Garcia*, 413 F.3d 1085, 1087 n.1 (9th Cir. 2005). However, approval of the I-130 petition does not automatically entitle the alien to adjustment of status. *INS v. Chadha*, 462 U.S. 919, 937 (1983) (citing *Menezes v. INS*, 601 F.2d 1028 (9th Cir. 1979)). As relevant here, an individual may be barred by statute from seeking any adjustment of status on account of his having committed a crime, including crimes relating to a controlled substance. 8 U.S.C. § 1182(a)(2)(A)(i)(II); *Hermoso-Garcia*, 413 F.3d at 1087 n.2.

Thus, we must determine whether the BIA erred in concluding that Petitioner's 1999 controlled substance conviction precluded him from seeking adjustment of status. This turns on whether the 1999 conviction retained its immigration consequences even after it was expunged.

## C.   Overview of the Federal First Offender Act and Its Applicability to Expunged State Convictions

**[2]** "[A]s a general rule, an expunged conviction qualifies as a conviction under the INA." *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002) (citing *Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001)). However, the FFOA provides a limited exception to this rule in cases involving

first-time simple possession of narcotics. The FFOA provides in relevant part:

> (a) If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—
>
> (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
>
> (2) has not previously been the subject of a disposition under this subsection;
>
> the court may . . . place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. . . .
>
> (b) . . . A disposition under subsection (a) . . . shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, *or for any other purpose.*

18 U.S.C. § 3607 (emphasis added). Section 404 of the Controlled Substances Act criminalizes only simple possession of a controlled substance, 21 U.S.C. § 844(a); thus, the provisions of the FFOA are limited to that offense. In short, the FFOA

> allows persons who have never previously violated the narcotics laws and are found guilty of first time simple drug possession to have the charges dismissed without entry of a conviction, provided that

the judge deems them suitable for such treatment. The law applies to citizens and aliens alike, and allows those who benefit from it to avoid having their offenses used against them for any purpose.

*Lujan-Armendariz*, 222 F.3d at 737.

[3] Because of equal protection and due process principles, FFOA protections extend even to state convictions that are expunged pursuant to state rehabilitation statutes, provided that the conviction was for first-time conduct that could have been prosecuted under section 404 of the Controlled Substances Act. *Id.* at 738 (citing *Garberding v. INS*, 30 F.3d 1187, 1190-91 (9th Cir. 1994)); *see also In re Manrique*, 21 I & N Dec. 58, 62-64 (BIA 1995) (establishing a BIA policy that an alien whose conviction has been set aside pursuant to a state statute will not be deported if he would have been eligible for first offender treatment had he been prosecuted under federal law); *cf. Paredes-Urrestarazu v. INS*, 36 F.3d 801, 811 (9th Cir. 1994) (persons found guilty of a drug offense who could not have received the benefit of the FFOA were not entitled to receive favorable immigration treatment, even if they qualified for such treatment under state law).[2]

## D.   Analysis

The question here is whether the BIA relied on an erroneous view of the law when it held that Petitioner remained "convicted" for immigration purposes despite the expungement of his 1999 simple possession charge under section 1203.4 of the California Penal Code. We may resolve this issue either by determining (1) whether section 1203.4

---

[2]Moreover, we have held that the FFOA and analogous state expungements remain relevant in immigration proceedings even after Congress enacted a statutory definition of "conviction" for immigration purposes as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Lujan-Armendariz*, 222 F.3d at 741-43, 749-50.

expungements are generally dissimilar to FFOA dispositions such that they do not remove convictions' immigration consequences; or (2) whether, in this case, Petitioner's 1996 participation in California's pretrial diversion on a similar charge constituted his one bite at FFOA-type treatment. We elect to address the second question.

As to the impact of the pretrial diversion, Petitioner notes that (1) diversion was granted without a plea or finding of guilt, which meant he was never "convicted" on the 1996 charge; and (2) as a result, the pretrial diversion does not constitute an FFOA disposition that precludes FFOA treatment for the 1999 expungement. Petitioner is correct on both grounds. The 1996 charge was dismissed following his successful participation in California's pretrial diversion program, which at the time did not require a plea of guilty prior to the suspension of criminal proceedings pending completion of a county run or certified drug education, treatment, or rehabilitation program. *See* CAL. PENAL CODE §§ 1000-1000.3 (West 1996).[3] Moreover, if Petitioner's 1999 conviction were a federal offense, it could still qualify for FFOA treatment even given the 1996 charge, because simple possession convictions are eligible for FFOA treatment if the recipient had not previously been "convicted" of a controlled substance violation and had not previously received FFOA treatment. 18 U.S.C. § 3607(a); *see also* 8 U.S.C. § 1101(a)(48)(A) (defining "conviction" for purposes of the immigration laws).

But because Petitioner's 1999 conviction was under state law, he cannot prevail merely by parsing the language of the FFOA, which by its terms does not apply to state convictions.

---

[3]California changed its procedure effective January 1, 1997. 1996 Cal. Stat. 1132 (S.B. 1369), § 3. Under the revised diversion procedure, California required a plea of guilty before diversion would be granted. *See* CAL. PENAL CODE § 1000.1(a)(3) (West 1997) (requiring the prosecuting attorney to notify the defendant that "in lieu of trial, the court may grant deferred entry of judgment . . . *provided that the defendant pleads guilty*" (emphasis added)).

Rather, the question is whether equal protection principles demand that the BIA have treated his 1999 expungement as an FFOA disposition even though he had previously received leniency in the form of the 1996 pretrial diversion.

[4] We are persuaded they do not. As this court has previously held, participation in California's pretrial diversion program is not irrelevant for immigration purposes. *Paredes-Urrestarazu*, 36 F.3d at 810-11 (holding that even after an alien receives pretrial diversion under California's pre-1997 scheme, the BIA may consider the underlying arrest in considering whether to grant discretionary relief from deportation). Moreover, because it is a federal actor, the BIA need only have a rational basis for classifications based on alienage. *Mathews v. Diaz*, 426 U.S. 67, 83 (1976). In *Garberding*, we held it was irrational to deny FFOA treatment to a first-time simple possession offender who received expungement under a state scheme simply because the state scheme would also have allowed expungement for many offenders ineligible for FFOA treatment. 30 F.3d at 1190-91. Because the particular petitioner in *Garberding* would have been eligible for FFOA treatment, it was irrational to deny her relief simply because more serious offenders could also have received the same expungement. *Garberding*, therefore, requires distinctions to be based on conduct, not on the procedural niceties of the expungement scheme. *See id.*; *Lujan-Armendariz*, 222 F.3d at 741.

[5] But *Garberding* is easily distinguished here. Even without a guilty plea on the 1996 charge, Petitioner simply was not similarly situated to a first-time offender. Before the 1999 conviction, he had been arrested for a controlled substance violation, which apparently had enough of a factual basis for him to submit to diversion under the California scheme. Indeed, Petitioner does not contend that the charge was baseless. Although Petitioner argues he would have been motivated to accept diversion even if he had not committed the underlying offense, we think it remains rational to believe that

someone who was arrested for drug possession, charged, and then sent to a diversion program in lieu of prosecution had in fact committed a drug offense. Indeed, diversion could not have resulted if the state judge had found it would not "benefit" Petitioner, CAL. PENAL CODE § 1000.2 (West 1996), which further confirms that the 1996 charge had a factual basis. Moreover, even the diversion program itself was something of a one-bite affair, as Petitioner would have been ineligible had he received diversion on another charge within the preceding five years. *Id.* § 1000(a)(5).

**[6]** Therefore, we hold that equal protection principles did not require the BIA to ignore the 1996 diversion program. Because Petitioner was allowed to avoid criminal consequences for the 1996 charge and the 1999 conviction, the BIA properly could regard him as someone who had received two bites at the ameliorative apple, instead of the one bite allowed by the FFOA. The distinction made by the BIA here is not based on procedural quirks in a state rehabilitative scheme, but rather on the conduct of the alien himself. Equal protection requires no more.[4]

**[7]** As a result, even without a guilty plea on the 1996 charge, the BIA properly concluded that Petitioner's participation in pretrial diversion means that his subsequent conviction in 1999 retained immigration consequences even after it was expunged, thereby barring him from adjustment of status.

---

[4]We recognize that language in *Lujan-Armendariz* could be read to compel a contrary result. There, we stated that "persons whose offenses would qualify for treatment under the [FFOA] but who are convicted and have their convictions expunged under state laws may not be removed on account of those offenses." 222 F.3d at 732. In *Lujan-Armendariz*, however, both petitioners had committed only one offense, and the question presented was simply whether the rule in *Garberding* survived even after Congress enacted a statutory definition of "conviction" as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Id.* at 732-33. Because we had no occasion to consider the effect of offenses prior to the conviction that was eventually expunged, *Lujan-Armendariz* does not control the result here.

## *V.*

## *CONCLUSION*

For the foregoing reasons, the petition is **DISMISSED**.