Sergio RAMIREZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sergio Ramirez, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 06–71122, 06–72841.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Jan. 9, 2008.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, John D. Williams, Esq., Jeffrey L. Menkin, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

MEMORANDUM **

Sergio Ramirez, a native and citizen of Mexico, petitions for review from a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) determination that Ramirez was ineligible for cancellation of removal as a result of his 1990 conviction for possession of cocaine. Ramirez also petitions for review from the BIA's denial of his motion to reconsider.

The IJ correctly found Ramirez, a non-permanent resident alien, ineligible for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cancellation of removal because of his 1990 conviction for possession of cocaine. *See* 8 U.S.C. § 1229b(b)(1)(C) (alien convicted of controlled substances violation is ineligible for cancellation of removal for nonpermanent residents). Citing *Lujan–Armendariz v. INS*, Ramirez contends that his conviction for simple possession qualifies him for relief under the Federal First Offender Act (FFOA), 21 U.S.C. § 844. 222 F.3d 728, 749–50 (9th Cir.2000) (convictions in state court that, if tried in federal court, would qualify under the FFOA are not convictions under the Immigration Nationality Act). Ramirez cannot benefit from the limited *Lujan–Armendariz* exception because he is not a first offender. As both the IJ and the BIA recognized, Ramirez received the state-law equivalent of FFOA relief when he benefitted from California's pretrial diversion program for a previous controlled substance offense.

Ramirez contends that his previous 1989 heroin charge was not a conviction for immigration purposes because, under California's pretrial diversion program, he never entered a guilty plea. This contention is foreclosed. *See de Jesus Melendez v. Gonzales,* 503 F.3d 1019, 1020 (9th Cir. 2007) (holding that alien may not avoid the immigration consequences of a drug conviction as a "first time offender" when, as a result of an arrest for drug possession, he was granted "pretrial diversion" under a state rehabilitation scheme that did not require him to plead guilty).

Ramirez contends that his removability was not established by clear and convincing evidence. This contention lacks merit because Ramirez conceded his removability before the IJ and admitted all the factual allegations in the notice to appear. Ramirez's contention that he met the physical presence requirement for cancellation of

removal relief is unavailing because his controlled substance conviction rendered him statutorily ineligible for cancellation of removal.

Finally, the BIA was within its discretion in denying Ramirez's motion to reconsider because the motion failed to identify an error of fact or law in the BIA's prior decision. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). The record does not support Ramirez's contention that the BIA erroneously denied his application on different grounds than those relied on by the IJ. Moreover, we note that the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii).

**PETITIONS FOR REVIEW DENIED.**