**Joel Armando BARRETO–NAVARRO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73529.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 21, 2008.

Michelle Gonzalez, Law Office of Michelle Gonzalez, Huntington Park, CA, for Petitioner.

CAC-District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, De-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Homeland Security, San Francisco, CA, Leslie McKay, Terri J. Scadron, DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Joel Armando Barreto–Navarro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's decision finding him inadmissible and pretermitting his application for adjustment of status. We retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to resolve questions of law, and we review these questions de novo. *de Jesus Melendez v. Gonzales,* 503 F.3d 1019, 1023 (9th Cir.2007). We deny the petition for review.

The BIA correctly found Barreto–Navarro inadmissible based on his 1997 conviction for possession of cocaine under California Health & Safety Code § 11350(a). *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Although his 1997 conviction was expunged, it retains immigration consequences because he had benefitted from California's pretrial diversion program for his 1992 controlled substance offense. *See de Jesus Melendez,* 503 F.3d at 1020 (alien may not avoid the immigration consequences of a drug conviction as a "first offender" when he was granted "pretrial diversion" for a prior offense under a state rehabilitation

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

scheme that did not require him to plead guilty).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.