Ausencio VILLAMIL–OCAMPO,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–71431.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 21, 2008.

Pasquale Lombardo, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Ausencio Villamil–Ocampo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006). We review de novo questions of law. *Id.* We deny in part and dismiss in part the petition for review.

The IJ correctly concluded that Villamil–Ocampo is ineligible for cancellation of removal because of his 1996 conviction for possession of cocaine under California Health & Safety Code § 11350(a). *See* 8 U.S.C. § 1229b(b)(1)(C). Contrary to Villamil–Ocampo's contention, he does not qualify for relief under the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607, because he previously received the state-law equivalent of FFOA relief with respect to his 1992 charge. *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1020 (9th Cir.2007) (alien may not avoid the immigration consequences of a drug conviction as a first offender when, as a result of a prior drug possession arrest, he was granted pretrial diversion under California law and was not required to plead guilty).

Villamil–Ocampo's due process contentions are unpersuasive.

We lack jurisdiction to review the agency's discretionary decision to deny voluntary departure. *See* 8 U.S.C. § 1229c(f); *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir.2007) (per curiam) (stating that the REAL ID Act "does not restore jurisdiction over discretionary determinations").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.