**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HONGQING QI, | No. 06-75500 |
| Petitioner, | Agency No. A096-342-775 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Hongqing Qi, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to remand and

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and therefore Qi's request for oral argument is denied. *See* Fed. R. App. P. 34(a)(2).

DL/Research

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir. 2000), we review for abuse of discretion the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007), and we review de novo claims of ineffective assistance of counsel, *Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Qi's inconsistent testimony as to both whether he was arrested, and the day he was released from detention, gave the IJ reason to question Qi's credibility, and Qi's wife, who was present in the United States, declined to testify on his behalf after the IJ granted a continuance for that purpose. *See Sidhu*, 220 F.3d at 1092 ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review."). Absent credible testimony, Qi's asylum and withholding of removal claims fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Qi's CAT claim is based on the same testimony the agency found not credible, and there is no other evidence in the record that compels a finding it is more likely than not that Qi would be tortured, we deny the petition as to Qi's CAT claim. *See id*. at 1156-57.

Finally, the BIA correctly rejected Qi's ineffective assistance of counsel claim because Qi failed to demonstrate he was prejudiced by the conduct of his former attorney. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (requiring a showing that deficient performance "may have affected the outcome of the proceedings"). Specifically, the IJ granted a continuance for Qi's wife and his pastor to testify, and the record does not reflect that their failure to testify at the subsequent hearing was caused by deficient performance by Qi's former attorney. Likewise, the record does not reflect that any antagonism exhibited by Qi's former attorney towards the IJ affected the outcome of the proceedings. *See id*. Accordingly, the BIA did not abuse its discretion in denying Qi's motion to remand based upon ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED.**