**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMIRO SANDOVAL ACOSTA,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-75798

Agency No. A091-710-582

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2010[**]
San Francisco, California

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

Ramiro Sandoval Acosta petitions for review of the Board of Immigration

Appeal's (BIA) denial of his application for cancellation of removal. This Court

has jurisdiction to review questions of law. 8 U.S.C. § 1252(a)(2)(D). We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

*de novo* and without deference the BIA's interpretation of the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, because the agency does not administer the statute. *De Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition.

The BIA properly concluded that Sandoval Acosta was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C) because he was "convicted of . . . a violation of . . . a[ ] law . . . relating to a controlled substance," 8 U.S.C. § 1182(a)(2)(A), and was, therefore, statutorily barred from establishing good moral character. Sandoval Acosta pleaded guilty to a 1999 charge under California Health & Safety Code § 11350 for possession of cocaine and received a deferred adjudication. The 1999 offense was not eligible for treatment as a first offense under the Federal First Offender Act, 18 U.S.C. § 3607, such that Sandoval Acosta could avoid deportation. *See Lujan-Armendariz v. I.N.S.*, 222 F.3d 728, 749–50 (9th Cir. 2000). Sandoval Acosta's 1985 "participation in California's pretrial diversion on a similar charge [to his 1999 controlled substances charge] constituted his one bite at FFOA-type treatment." *De Jesus Melendez*, 503 F.3d at 1025. He need not have pleaded guilty to the 1985 charge for this to be so. *Id.* at 1026.

The disposition of the 1999 offense, therefore, falls within the Immigration and Nationality Act's definition of "conviction," 8 U.S.C. § 1101(a)(48)(A), and Sandoval Acosta was statutorily barred from establishing good moral character, *see* 8 U.S.C. § 1101(f)(3) (cross-referencing § 1182(a)(2)(A) as a statutory bar to a good moral character finding). The BIA did not err by denying Sandoval Acosta's application for cancellation of removal.

**DENIED.**

3