FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHEW FRANCIS DASS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-75543

Agency No. A077-374-751

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2010
San Francisco, California

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

In 2002, an Immigration Judge ("IJ") granted asylum to Shew Francis Dass

because of the persecution Dass endured in Fiji. Dass later pled guilty to two

crimes, including inflicting corporal injury on his wife in violation of California

Penal Code § 273.5(A). The IJ terminated Dass's asylum on the ground that

§ 273.5(A) is an aggravated felony. Citing changed country conditions in Fiji, the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

IJ also denied Dass withholding of removal and relief under the Convention Against Torture ("CAT").  On appeal, the Board of Immigration Appeals ("BIA") affirmed the denial of withholding of removal and CAT relief.

Dass petitions for review.  He disputes each of the IJ's rulings and argues that the IJ failed to protect his statutory right to counsel.  However, Dass has not exhausted all of these arguments.  The only relevant statement in Dass's notice of appeal to the BIA is that "[t]he IJ's decision [on] withholding of removal[] and [CAT relief] was riddled with factual [and] legal errors and violated due process." Dass concedes that this statement includes neither an argument concerning his right to counsel nor any challenge to the termination of his asylum.  The notice of appeal also does not state—as Dass now does—that the IJ erred by failing to consider whether the Fijian government would acquiesce in torture.  The BIA declined to address any of these three issues *sua sponte*.  All three issues are therefore unexhausted, and we do not consider them.  See, e.g., <u>Cortez-Acosta v. INS</u>, 234 F.3d 476, 480 (9th Cir. 2000).

By contrast, Dass did exhaust the contention that, by relying on changed country conditions alone, the IJ and BIA failed to conduct a sufficiently individualized analysis before denying his claims for withholding of removal and CAT relief.  The BIA implicitly addressed these arguments by affirming the IJ on

2

the basis of changed country conditions. See Abebe v. Gonzales, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect.").

It is undisputed that Dass is entitled to a presumption of future persecution because he suffered past persecution in Fiji. "The government may rebut this presumption by proving by a preponderance of the evidence that there has been a fundamental change of circumstances in" that country. Mutuku v. Holder, 600 F.3d 1210, 1213 (9th Cir. 2010). In considering evidence of this type, the agency must conduct "an individualized analysis that focuses on the specific harm suffered [by the petitioner] and the relationship to [that harm] of the particular information contained in the relevant country reports." Chand v. INS, 222 F.3d 1066, 1079 (9th Cir. 2000). When, as in this case, the petitioner endured repeated instances of persecution over a number of years, "the [agency] must ask whether . . . the individual who suffered past persecution is among the general population that is not suffering from a sustained pattern of human rights violations, or whether the applicant is among the unlucky few who are most vulnerable to abuse." Lal v. INS, 255 F.3d 998, 1011 (9th Cir. 2001) (internal quotation marks omitted). This

3

"assessment must take account of the specific attributes of the past persecution on record." Id.

Neither the IJ nor the BIA conducted an adequate analysis. We therefore grant the petition in part and remand to the BIA for consideration of the individualized effect of changed country conditions on Dass. See Smolniakova v. Gonzales, 422 F.3d 1037, 1051 (9th Cir. 2005) (stating that remand is the proper course when the agency fails to conduct an individualized analysis of changed country conditions).

The analysis regarding CAT relief differs significantly. In that context, country conditions standing alone can be "decisive," see Mutuku, 600 F.3d at 1214, and Dass would not be entitled to a presumption of future torture even if his past persecution rose to the level of torture, see Mohammed v. Gonzales, 400 F.3d 785, 802 (9th Cir. 2005). In light of these standards, the CAT analysis conducted by the IJ and the BIA was sufficient. See Mutuku, 600 F.3d at 1214 (denying a

4

challenge to the BIA's decision not to award CAT relief because of evidence showing that a particular political party entered Kenya's parliament).[1]

**PETITION DISMISSED IN PART, GRANTED IN PART, DENIED IN PART, AND REMANDED.**  Each party to bear its own costs on appeal.

---

[1] We deny Dass's request to take judicial notice of subsequent developments in Fiji that are outside the administrative record.  Insofar as this new evidence is relevant to Dass's withholding of removal claim, the motion is moot in light of the remand.  See INS v. Ventura, 537 U.S. 12, 18 (2002).  Insofar as the evidence is relevant to Dass's CAT claim, a remand for the BIA to consider the evidence would be futile.  See, e.g., de Jesus Melendez v. Gonzales, 503 F.3d 1019, 1023 n.1 (9th Cir. 2007) (futile remands are not required).