**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN FU LI,

                  Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                  Respondent.

No. 08-71126

Agency No. A079-543-613

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

    Jun Fu Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and for abuse of discretion the BIA's denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

The forensic expert's testimony and report provide substantial evidence to support the agency's finding that Li submitted a possibly fraudulent sterilization certificate and fine receipt. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). Accordingly, Li's asylum and withholding of removal claims fail. *See id.*

Li did not advance an argument in support of his CAT claim in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Li contends the record does not support the BIA's refusal to consider new evidence he submitted on appeal to the BIA, and its implicit denial of his request for remand. To the extent the BIA construed Li's submission of new evidence as a motion to remand, the BIA did not abuse its discretion in denying the motion because the new evidence did not show that Li's wife was forcibly sterilized. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1988) (requirements for a motion to remand are the same as for a motion to reopen); *Najmabadi v. Holder*, 597 F.3d

08-71126

983, 986 (9th Cir. 2010) (BIA may deny a motion to reopen for failure to establish a prima facie case).

**PETITION FOR REVIEW DENIED.**