

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIKASH CHANDRA, | No. 08-71047 |
| Petitioner, | Agency No. A095-399-978 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| NANDA VASHNI CHAND, | No. 09-71894 |
| Petitioner, | Agency No. A095-399-977 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Vikash Chandra and Nanda Vashni Chand, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and review de novo legal determinations.  *Li v. Aschroft*, 378 F.3d 959, 962 (9th Cir. 2004).  We review for abuse of discretion the denial of a motion to remand.  *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Chandra and Chand testified inconsistently about the central incident of harm they allegedly suffered.  *See Li,* 378 F.3d at 964; *Kim v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010).  In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and petitioners do not point to any other evidence that compels the conclusion that it is more likely than not they would be tortured if returned to Fiji, their CAT claim fails. *See id.* at 1156-57.

Finally, the BIA did not abuse its discretion in denying petitioners' motion to remand because the evidence petitioners submitted was insufficient to establish a claim in light of the adverse credibility finding. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1988); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief).

**PETITION FOR REVIEW DENIED.**