**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO ZULETA CABRERA, | No. 08-71127 |
| Petitioner, | Agency No. A072-513-402 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Eduardo Zuleta Cabrera, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We review for abuse of discretion the denial of a motion to remand. *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

Cabrera testified that although he was never personally harmed by guerrillas, he feared harm if he returned to Guatemala. Substantial evidence supports the BIA's conclusion that Cabrera did not establish past persecution or a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017-18 (9th Cir. 2003); *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (petitioner must provide credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution).

Because Cabrera failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

We uphold the denial of Cabrera's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government. *See Santos-Lemus*, 542 F.3d at 747-48.

08-71127

Finally, the BIA did not abuse its discretion in denying Cabrera's motion to remand. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004) (rejecting claim of ineffective assistance of counsel for legal advice given prior to commencement of asylum proceeding because it did not pertain to the "actual substance of the hearing").

**PETITION FOR REVIEW DENIED.**