**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY JOSE GARCIA-GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72740 <br><br> Agency No. A028-739-631 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2012
Berkeley, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Henry Jose Garcia-Gomez petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal from the denial of his application for

asylum, voluntary departure, and withholding of removal under the Convention

Against Torture (CAT). Because the parties are familiar with the factual and

procedural history of this case, we repeat only those facts necessary to resolve the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Garcia-Gomez's petition for review.

The BIA affirmed the Immigration Judge's (IJ) determination that Garcia-Gomez's 2008 conviction for violation of California Health & Safety Code § 11378 constituted an "aggravated felony" under the Immigration and Nationality Act (INA), which precluded him from asylum and voluntary departure. We review de novo the BIA's determination of purely legal questions. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). Because California law regulates the possession and sale of many substances that are not regulated by the Controlled Substances Act, Garcia-Gomez's conviction under § 11378 must be assessed under the modified categorical approach. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) (holding that § 11377, which regulates the same drugs as § 11378, regulates substances not covered by the Controlled Substances Act).

The BIA, referencing Exhibit 12, agreed with the IJ's conclusion that Garcia-Gomez's 2008 conviction for possession of sale of methamphetamine "involved a controlled substance as defined in Section 102 of the Controlled Substance Act," and that his conviction "is 'illicit trafficking' and constitutes an aggravated felony as defined in Section 1010(a)(43) of the Act." Exhibit 12 consists of four documents from the Los Angeles County Superior Court: 1) an

2

electronic docket report dated December 10, 2008; 2) an abstract of judgment filed on March 27, 2008; 3) a felony complaint dated March 13, 2008; and 4) a minute order printed on March 21, 2008. Count One of the felony complaint states that Garcia-Gomez was charged with "unlawful possess[ion] for the purpose of sale of a controlled substance, to wit, methamphetamine." The clerk's minute order and the abstract of judgment reflect that Garcia-Gomez entered a guilty plea as to "Count 1" and was sentenced to sixteen months in state prison. These documents were sufficient to establish that Garcia-Gomez was convicted of possession for sale of methamphetamine. *See United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc) (per curiam). Unlike the defendant in *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), Garcia-Gomez pled guilty to the exact count enumerated in the felony complaint and no further clarifying language was necessary to establish the factual basis of his plea.

Garcia-Gomez also claims that substantial evidence does not support the BIA's finding that he has not suffered past persecution. We uphold the BIA's factual determination if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Although we have consistently treated physical harm as persecution, *see Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000), none of the

3

evidence established that the Sandinistas attacked Garcia-Gomez *on account of* his political beliefs. Based on the record, the sole purpose of the attack was to recruit Garcia-Gomez into the guerilla forces fighting in the mountains. An applicant's refusal to fight in the context of forced recruitment is not by itself sufficient to show that the persecutor acted "on account of" the applicant's political views. *Elias-Zacarias*, 502 U.S. at 482-83; *see also Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997) (no past persecution where evidence failed to show that guerillas sought to recruit victim on account of his political opinion). Nothing in the record compels a conclusion contrary to the BIA's decision. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir. 2000) (articulating standard for reversing BIA determination that an applicant is ineligible for asylum or withholding of removal).

Because Garcia-Gomez did not establish past persecution, there was no presumption of future persecution, and Garcia-Gomez did not independently meet this burden. Garcia-Gomez testified to a generalized fear that, since the Sandinistas were back in power, he would be in danger if he returned to Nicaragua. This evidence is too speculative to demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (finding speculative possibilities insufficient to be credited as a basis for fear of future

4

persecution).  Garcia-Gomez's contention that the IJ did not provide a reasoned basis for his conclusion is without merit.

Finally, remand on any issues not explicitly addressed by the BIA would be futile and is, thus, unnecessary.  *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 n.1 (9th Cir. 2007).

**PETITION DENIED.**