

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAD GORGIS JAMEEL, | No. 07-74004 |
| Petitioner, | Agency No. A098-387-590 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2012**
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District
Judge.***

Milad Gorgis Jameel, an ethnic Chaldean and native of Iraq, petitions for

review of a Board of Immigration Appeals (BIA) decision dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dee V. Benson, District Judge for the U.S. District
Court for Utah, sitting by designation.

and denying his motion to remand after an immigration judge (IJ) found Jameel

ineligible for asylum, withholding of removal, and protection under the

Convention Against Torture (CAT) because of an adverse credibility

determination. We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252.

We look to the IJ's decision because the BIA engaged in deferential review. *See*

*de Leon-Barrios v. INS*, 116 F.3d 391, 393 (9th Cir. 1997). The facts of this case

are known to the parties. We need not repeat them here.

We review adverse credibility determinations for substantial evidence. *Kin*

*v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). Under pre-REAL ID Act law,[1] we

will accept an adverse credibility finding as long as the IJ identified one ground in

making his ruling that is supported by substantial evidence which goes to the heart

of the petitioner's claim. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

Substantial evidence in the record supports the IJ's finding of

inconsistencies in Jameel's account of the demands placed on his family by the

dead man's relatives. Jameel gave conflicting stories as to whether the man's

family demanded that they be given money, that they be given Jameel's sister for

marriage, that Jameel be killed, or some combination of the three. Jameel also

---

[1]The REAL ID Act is inapplicable to this case because Jameel filed his application on January 27, 2005, prior to the act's May 11, 2005, effective date. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009).

waffled on whether or not the man's family accepted the money when it was offered. Because this incident precipitated Jameel's flight from Iraq and was central to his story, this discrepancy goes to the heart of his claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006). And because Jameel cannot satisfy the lower burden of proof for an asylum claim, he necessarily cannot prevail on his withholding of removal claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The BIA correctly upheld the IJ's denial of Jameel's CAT claim. Where, as here, a petitioner seeks CAT protection based upon allegations properly found to be not credible and does not identify any evidence the IJ failed to consider, he has not shown entitlement to relief. *See id.* at 1157.

Finally, the BIA properly denied Jameel's motion to remand. We review such determinations for abuse of discretion. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008); *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). The additional submitted evidence does not establish a prima facie case of eligibility as required. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005). Jameel has presented some evidence that Christians occasionally

face violence in Iraq, but no evidence that addresses the clear adverse credibility finding made against him by the IJ.

**PETITION FOR REVIEW DENIED.**