**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ABRAHAM PEREZ-RODARTE, | No. 12-71652 |
| Petitioner, | Agency No. A079-286-704 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jose Abraham Perez-Rodarte, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the BIA's denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the agency's finding that Perez-Rodarte failed to establish that he suffered harm rising to the level of past persecution when he and his family were attacked by gang members. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (describing persecution as an "extreme concept"). Substantial evidence also supports the agency's finding that Perez-Rodarte did not demonstrate a clear probability of future persecution because he did not show that he cannot relocate internally to avoid harm, *see Ochave v. INS*, 254 F.3d 859, 867-68 (9th Cir. 2001), or that the government cannot or will not control his attackers, *see Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010). The record does not support Perez-Rodarte's contention that the situation in Mexico is analogous to the situation we described in Haiti in *Desir v. Ilchert*, 840 F.2d 723 (9th Cir. 1988). Thus, Perez-Rodarte's withholding of removal claim fails.

The BIA did not abuse its discretion in denying Perez-Rodarte's motion to remand for consideration of new evidence. *See* 8 C.F.R. § 1003.2(c) (a motion to reopen shall not be granted unless it appears to the BIA that the petitioner's

evidence "was not available and could not have been discovered or presented at the former hearing"). We decline to consider evidence that is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**