**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BRENDA MACIEL HIDALGO, AKA Brenda Hidalgo Maciel, | No.   15-72607 |
| Petitioner, | Agency No. A205-714-634 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2022
Submission Withdrawn March 11, 2022
Resubmitted January 17, 2023
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and KORMAN,[**] District Judge.

Brenda Maciel Hidalgo, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") upholding the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Immigration Judge's ("IJ") denial of her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.

1. An applicant is not eligible for withholding of removal if she has been "convicted by a final judgment of a particularly serious crime" and "is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii). When determining whether an applicant has committed a particularly serious crime, the agency considers "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the [applicant] will be a danger to the community." *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982). This determination rests within the discretion of the agency and is accordingly reviewed for abuse of discretion. *See Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014). "Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (cleaned up). "We may not reweigh the evidence and reach our own determination about the crime's seriousness." *Id.*

In making its determination that Hidalgo had committed a particularly

serious crime, the IJ relied heavily on the police reports from the incident.  But those reports indicate, and the government does not dispute, that Hidalgo was not the aggressor behind the altercation that led to her conviction.  Neither the IJ nor the BIA considered that fact, which bears heavily on the circumstances of the crime.  Because it appears that the agency failed to consider all of the evidence before it, we remand for a reevaluation of the *Frentescu* factors in light of the entire record.  *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) ("Where the BIA does not consider all the evidence before it, either by 'misstating the record [or] failing to mention highly probative or potentially dispositive evidence,' its decision is legal error and 'cannot stand.'" (alteration in original) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)).

2. The agency did not err in denying Hidalgo's asylum application on the basis that it was untimely filed.  A petitioner who does not apply for asylum within one year of her arrival in the United States may be considered for asylum only if she demonstrates "changed circumstances which materially affect [her] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period."  8 U.S.C. § 1158(a)(2)(D).  Substantial evidence supports the IJ's rejection of Hidalgo's argument that changed or extraordinary circumstances justify her delayed application here, given that she waited more than two years after turning eighteen to file her application.  *See Husyev v. Mukasey*,

528 F.3d 1172, 1182 (9th Cir. 2008) (holding that a delay longer than six months is presumptively unreasonable "[i]n the absence of any special considerations").

3. To secure CAT relief, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see* 8 C.F.R. § 1208.17(a). In determining eligibility for CAT relief, the agency must consider, among other factors, "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3)(ii); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020). Substantial evidence supported the IJ's conclusion, adopted by the BIA, that Hidalgo could safely relocate to Michoacán because the record shows that, after her family left Guadalajara, she lived in Michoacán for about a year without incident. We therefore affirm the agency's denial of Hidalgo's request for deferral of removal under the CAT. And because Hidalgo's ability to safely relocate dooms her application for withholding of removal under the CAT too, *see* 8 C.F.R. § 1208.16(c)(3)(ii), we decline to remand that claim. *See De Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 n.1 (9th Cir. 2007) (declining to remand to the BIA because doing so would be futile).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

4

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED.**