**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICIO GIRALDO RIOS, | No. 08-71592 |
| Petitioner, | |
| | Agency No. A099-053-075 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges,

Mauricio Giraldo Rios, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from the immigration judge's decision denying

his application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review its legal conclusions de novo. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). The court reviews a denial of a motion to remand for abuse of discretion. *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the agency's finding that the two death threats Giraldo Rios received did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (citation and internal quotations omitted) ("Threats standing alone...constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm."). Substantial evidence also supports the agency's finding that Giraldo Rios failed to establish the government was unwilling or unable to protect him. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Accordingly, Giraldo Rios' asylum claim fails.

Because Giraldo Rios failed to establish his eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182*,* 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Giraldo Rios failed to establish it is more likely than not he will be tortured by or with the acquiescence of a government official if returned to Colombia. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

In addition, we reject Giraldo Rios'contention that the BIA violated his due process by ignoring, discounting, or misconstruing his testimony. *See Lata v. I.N.S.,* 204 F.3d 1241*,* 1246 (9th Cir. 2006) (requiring error and prejudice to prevail on due process claim).

Finally, the BIA did not abuse its discretion in denying Giraldo Rios' motion to remand because the evidence Giraldo Rios submitted was not material in light of his inability to establish the government was unwilling or unable to protect him. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (internal citation omitted) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.").

**PETITION FOR REVIEW DENIED.**

08-71592