NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOISES EXZEQUIEL DIAZ MALDONADO; ISAURA YANETH DIAZ,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70034<br><br>Agency Nos. A070-552-682<br>A078-112-877<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Moises Exzequiel Diaz Maldonado and Isaura Yaneth Diaz, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motion to remand and reopen removal proceedings.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *De Jesus Melendez v. Gonzales*, 3 F.3d 1019, 1021 (9th Cir. 2007). We grant the petition for review and remand.

The BIA abused its discretion when it addressed prejudice under a standard that required petitioners to demonstrate they "would have prevailed" but for deficient performance of counsel. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (holding that petitioner "need not show that [she] would win or lose on any claims") (internal citation and quotation marks omitted). We remand so that the BIA can address prejudice under the proper legal standard. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED**.