**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FRANKLIN EDGARDO MATUTE-SANCHEZ, a.k.a Frank Matthews, a.k.a. Frank Matute, a.k.a Carlos Francisco Median, a.k.a Frank Medina, a.k.a Robert Medina, a.k.a Francisco Valdez, a.k.a Frank Veldez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70023 <br><br> Agency No. A076-532-092 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Franklin Edgardo Matute-Sanchez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order denying his motion to remand, and dismissing his appeal from the immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). The court reviews for abuse of discretion a denial of a motion to remand. *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

Matute-Sanchez does not challenge the agency's dispositive determination that Matute-Sanchez's crimes were "particularly serious crimes,"which statutorily excluded him from asylum and withholding of removal relief. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Accordingly, Matute-Sanchez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Matute-Sanchez failed to establish it is more likely than not he will be tortured by or with the acquiescence of a government official if returned to Honduras. *See*

10-70023

*Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007). For the same reasons, the agency did not abuse its discretion in denying Matute-Sanchez's motion to remand because the additional evidence did not warrant a remand. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (internal citation omitted) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.").

Finally, we reject Matute-Sanchez's contention the agency did not fully consider the submitted evidence, explain its reasoning, or engage in improper fact-finding. *See Lata v. I.N.S.,* 204 F.3d 1241*,* 1246 (9th Cir. 2006) (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**