**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON ANTONIO REYNOSA-GALICIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72915 <br><br> Agency No. A070-919-134 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Nelson Reynosa-Galicia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order denying his motion to remand,

and dismissing his appeal from the immigration judge's decision denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). The court reviews for abuse of discretion a denial of a motion to remand. *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

Reynosa-Galicia does not challenge the agency's dispositive determination that his asylum application was time-barred. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's denial of Reynosa-Galicia's withholding of removal claim because Reynosa-Galicia failed to establish that an enumerated ground was one central reason he was attacked. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009).

Reynosa-Galicia has not raised arguments challenging the agency's denial of his CAT claim. *See Martinez-Serrano,* 94 F.3d at 1259-60 (issues not supported by argument are deemed abandoned).

Finally, the agency did not abuse its discretion in denying the motion to remand because Reynosa-Galicia did not present additional evidence warranting a

remand.  *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (internal citation omitted) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.").

**PETITION FOR REVIEW DENIED.**