**NOT FOR PUBLICATION**

MAY 23 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELAUTERIA ARMENTA, | No. 09-71635 |
| Petitioner, | Agency No. A075-658-831 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012**

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Elauteria Armenta, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

remand and dismissing her appeal from an immigration judge's decision denying

her application for cancellation of removal.  We have jurisdiction under 8 U.S.C.

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007), for substantial evidence the agency's continuous physical presence finding, *Landin-Zavala v. Gonzales,* 488 F.3d 1150, 1151 (9th Cir. 2007), and de novo claims of constitutional violations in immigration proceedings, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Armenta's motion to remand where Armenta was not eligible for repapering because she was already in removal proceedings. *See, e.g., Alcaraz v. INS,* 384 F.3d 1150, 1154 n.1 (9th Cir. 2004) ("[E]ligibility for repapering is *conditioned* on aliens being disadvantaged by the retroactive stop-time rule." (emphasis in original)).

Substantial evidence supports the BIA's determination that Armenta failed to establish the requisite ten years of continuous physical presence for cancellation of removal at the time she was served with her Notice to Appear. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1).

We reject Armenta's contention that the BIA's decision was inadequate because, contrary to Armenta's assertion, the BIA adequately articulated its reasons for dismissing her appeal, *see Antonyan v. Holder*, 642 F.3d 1250, 1256-57 (9th Cir. 2011), Armenta failed to rebut the presumption that the BIA considered

the evidence in the record, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000), and the BIA correctly concluded that it did not have jurisdiction to review the constitutionality of the statute and regulations it administers, *see Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005) (per curiam).

Armenta's remaining constitutional claims are also unavailing. *See Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir. 1978) (The argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child . . . has been authoritatively rejected in numerous cases." (citations omitted)); *Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001) ("'Line-drawing' decisions made by Congress or the President in the context of immigration . . . must be upheld if they are rationally related to a legitimate government purpose.").

**PETITION FOR REVIEW DENIED.**