**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDOLFO ALVARENGA-TORRES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71430

Agency No. A070-942-172

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Lindolfo Alvarenga-Torres, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision denying

his application for cancellation of removal, asylum, and withholding of removal.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion denials of motions to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007), and for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Alvarenga-Torres failed to make the requisite showing of exceptional and extremely unusual hardship to be eligible for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005). We reject Alvarenga-Torres's contention that it was impermissible for the agency to consider potential alternative means of immigrating to the United States in its hardship determination. Accordingly, we dismiss the petition as to Alvarenga-Torres's cancellation of removal claim.

The BIA did not abuse its discretion in denying Alvarenga-Torres's motion to remand based on its determination that the evidence of hardship Alvarenga-Torres submitted was insufficient to establish a prima facie case for cancellation of removal. *See Garcia v. Holder,* 621 F.3d 906, 912 (9th Cir. 2010). Alvarenga-Torres's contentions that the BIA failed to consider the hardship evidence

09-71430

cumulatively, mischaracterized evidence, and applied an incorrect hardship standard are not supported by the record.

Substantial evidence supports the agency finding that Alvarenga-Torres failed to show past persecution or a fear of future persecution on account of a protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) (no evidence to show that guerillas imputed contrary political opinion to Peruvian police officer)*; see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Accordingly, Alvarenga-Torres's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**