**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVARO YOVANI SANCHEZ-GARCIA, a.k.a. Alvaro Jovany Sanchez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71753 <br><br> Agency No. A094-461-588 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Alvaro Yovani Sanchez-Garcia, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and dismissing his appeal from an immigration judge's decision

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Sanchez-Garcia did not demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Sanchez-Garcia's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

The BIA did not abuse its discretion in denying Sanchez-Garcia's request to remand to consider his claim for cancellation of removal because he did not demonstrate prima facie eligibility for that form of relief. *See Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006). We lack jurisdiction to review

Sanchez-Garcia's contentions related to hardship because he failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Further, we deny Sanchez-Garcia's motion for judicial notice of the declaration by his wife and do not consider the additional documents he submitted with his opening brief because they are not part of the administrative record. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record). In light of our conclusions, we deny the government's motion to strike as unnecessary.

Finally, contrary to the government's contention that Sanchez-Garcia's period of voluntary departure was terminated, the temporary stay of removal, confirmed by Ninth Circuit General Order 6.4(c), tolled the voluntary departure period from June 8, 2009, the date that Sanchez-Garcia filed his motion for a stay of removal. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir. 2004). Sanchez-Garcia's current voluntary departure period will continue to run upon issuance of the mandate. *See id*. at 747. We deny Sanchez-Garcia's request for a remand to consider a new grant of voluntary departure.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-71753