FILED

MAR 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALVARO YOVANI SANCHEZ-
GARCIA, a.k.a. Alvaro Jovany Sanchez,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71753

Agency No. A094-461-588

ORDER

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

The petition for panel rehearing is granted. The memorandum disposition filed on November 16, 2012, is withdrawn. An amended memorandum disposition is being filed concurrently with this order.

Any additional petition for rehearing shall be filed within 45 days from the date the amended memorandum disposition is filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVARO YOVANI SANCHEZ-GARCIA, a.k.a. Alvaro Jovany Sanchez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71753<br><br>Agency No. A094-461-588<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Alvaro Yovani Sanchez-Garcia, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and dismissing his appeal from an immigration judge's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Sanchez-Garcia did not demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Sanchez-Garcia's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

The BIA did not abuse its discretion in denying Sanchez-Garcia's request to remand to consider his claim for cancellation of removal because he did not demonstrate prima facie eligibility for that form of relief. *See Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006). We lack jurisdiction to review

Sanchez-Garcia's contentions related to hardship because he failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Further, we deny Sanchez-Garcia's motion for judicial notice of the declaration by his wife and do not consider the additional documents he submitted with his opening brief because they are not part of the administrative record. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record). In light of our conclusions, we deny the government's motion to strike as unnecessary.

Finally, we deny Sanchez-Garcia's request for a remand to consider a new grant of voluntary departure.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**