**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAWALJEET SINGH, | No. 11-73878 |
| Petitioner, | Agency No. A088-906-382 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Kawaljeet Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to remand, and

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and for abuse of discretion a denial of a motion to remand, *de Jesus Melendez v. Gonzalez*, 503 F.3d 1019, 1023 (9th Cir. 2007). We review for abuse of discretion the BIA's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusion that, even if Singh suffered past persecution, the government established by a preponderance of the evidence that Singh can reasonably relocate to another part of India, rebutting the presumption of a well-founded fear of future persecution. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003). The record reflects that the agency rationally construed all of the evidence in the record and provided a sufficiently individualized analysis of Singh's situation. *See Gonzalez-Hernandez*, 336 F.3d at 1000. We reject Singh's claim that the IJ improperly shifted the burden of proof. Accordingly, Singh's asylum claim fails.

Because Singh failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's conclusion that Singh is not entitled to CAT relief, because the evidence in the record does not compel a determination that it is more likely than not that he would be tortured if returned to India. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

The BIA did not abuse its discretion in denying Singh's claim for humanitarian asylum. *See Belayneh*, 213 F.3d at 491. We lack jurisdiction to consider Singh's "other serious harm" contention. *See Brezelien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (failure to exhaust administrative remedies divests this court of jurisdiction). We reject Singh's argument that his case needs to be remanded in light of *Matter of L-S-*, 25 I. & N. Dec. 705 (BIA 2012).

Finally, the BIA did not abuse its discretion in denying Singh's request for remand based on *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), because relief was not denied for failure to provide corroborative evidence. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (stating that the BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**