**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN PAUL GUERRA-ASMITAN, | No. 12-70915 |
| Petitioner, | Agency No. A072-514-679 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:      LEAVY, GOULD, and BERZON, Circuit Judges.

Edwin Paul Guerra-Asmitan, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part, dismiss in part, grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Guerra-Asmitan failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We lack jurisdiction to review Guerra-Asmitan's request to vacate the deportation order so he may pursue an I-130 visa petition because he did not raise it to the agency below. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *see also Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir. 1999) (when an alien discovers new information after the BIA finalized deportation proceedings, the proper procedure is to file a motion to reopen).

Substantial evidence supports the BIA's finding that Guerra-Asmitan failed to establish that the harm he suffered rose to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000).

In denying Guerra-Asmitan's withholding of removal claim, the agency found Guerra-Asmitan failed to establish a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707

F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Guerra-Asmitan's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Guerra-Asmitan's remaining challenges to the agency's denial of his withholding of removal claim at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**