NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA EVELIA REGALADO-GOMEZ, AKA Maria Evelia Regalado Gomez, AKA Maria Evelia Regalado-Gomez, AKA Yadira Salinas, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71686 <br><br> Agency No. A072-533-628 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 12, 2020
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Maria Evelia Regalado-Gomez, a native and citizen of Guatemala, seeks

review of a Board of Immigration Appeals decision dismissing her appeal and

denying her motion to remand. We review legal conclusions de novo and factual

findings under the highly deferential substantial evidence standard. *Khan v. Holder*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

584 F.3d 773, 776 (9th Cir. 2009). We will uphold the agency's decision unless the evidence compels a contrary conclusion. *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011); 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). We have jurisdiction under 8 U.S.C. § 1252(b), and deny the petition.

1.    Substantial evidence supports the Board's adverse credibility finding as a basis to deny Regalado-Gomez asylum and withholding of removal. Since such findings are accorded deference, *Abovian v. INS*, 219 F.3d 972, 977–78 (9th Cir. 2000), we may only overturn them in "the most extraordinary circumstances." *Bingxu Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014). Regalado-Gomez seeks asylum based on her alleged kidnapping and eight years of physical and sexual abuse at the hands of a former military member. But, as the Board found, she omitted this claim in her original 1994 asylum application and her 1995 asylum officer interview. The Board next noted that Regalado-Gomez changed her position on when her brothers and father left Guatemala three times. The Board also found implausible Regalado-Gomez's testimony regarding her relationship with her children's father, her story of being kidnapped in response to her father fleeing the country six years earlier, and her brothers needing to leave Guatemala at age 11 and 5 because the military accused them of being guerilla fighters. Given the totality of the circumstances, these findings of non-trivial omissions, inconsistencies, and

2

implausibilities, are well-supported by the record and are sufficient to sustain the adverse credibility determination. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[W]e must uphold [an] adverse credibility determination so long as even one basis is supported by substantial evidence[.]"); *Iman v. Barr*, ---F.3d---, 2020 WL 5001815 (9th Cir. Aug. 25, 2020).[1]

2.     Substantial evidence also supports the Board's conclusion that Regalado-Gomez is not eligible for Convention Against Torture ("CAT") protection.

---

[1] Regalado-Gomez's arguments on appeal do not change our analysis. First, she contends that the asylum officer's notes are unreliable, but that argument was not raised before the Board and therefore may not be raised here. *See* 8 U.S.C. § 1252(d)(1) (mandating exhaustion of administrative remedies); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). Second, Regalado-Gomez argues that the Board violated the rule that delays in reporting sexual abuse cannot support an adverse credibility judgment. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052–53 (9th Cir. 2002). First, the IJ's adverse credibility determination is supported by substantial evidence regardless of the timing of sexual abuse. So, even assuming the Board erred under *Paramasamy*, it was harmless error. Second, in *Paramasamy*, the petitioner was never asked about the details or conditions of her assault, so we refused to consider them an inconsistency. *Id*. at 1053. We also excused the delay in reporting sexual abuse based on her "strong, unrebutted explanation" for the omission. *Id*. Here, Regalado-Gomez neglected a major component of her asylum claim and shifted her explanations for the omission. She first claimed that the asylum officer's assessment was incorrect, then later claimed that she was afraid to tell the officer, and finally, after prompting from counsel, stated she was ashamed to talk about it. Under these facts, we do not think the *Paramasamy* rule applies. Instead, the BIA is entitled to disbelieve "unpersuasive explanations for inconsistencies." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

The Board did not credit her statements about her alleged abuse in Guatemala, and Regalado-Gomez failed to provide any other independent evidence that she faced a particularized risk of torture in Guatemala. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (When claims under CAT are based on the same statements that the Board determined to be not credible in the asylum context, there is no error in denying the CAT claims as well.). Further, the various reports Regalado-Gomez provided failed to show an individualized risk of torture. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (petitioner must show an individualized risk of torture, not merely that torture has occurred in the country in question). Thus, Regalado-Gomez's CAT claim fails.

3. We agree with the Board that Regalado-Gomez waived her cancellation of removal claim. Although her brief before the Board made three passing references to the denial of her cancellation of removal claim, she failed to articulate any reason why the immigration judge's decision was wrong. Under these facts, the Board concluded that she did not meaningfully challenge that decision, and we cannot consider her claim. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

4. The Board correctly concluded that the immigration judge did not violate Regalado-Gomez's due process rights by admitting her 1994 asylum

application on the day of the hearing. Since the application was only used for impeachment purposes, no advanced notice was required. *See Urooj v. Holder*, 734 F.3d 1075, 1079 n.5 (9th Cir. 2013) (observing that Immigration Court Practice Manual does not require advanced disclosure for impeachment or rebuttal evidence). Further, the record is clear that her counsel never objected to the application's introduction.

5. The Board did not abuse its discretion in denying Regalado-Gomez's motion to remand to consider a psychological report regarding her PTSD. A motion to reopen proceedings shall not be granted unless the evidence sought to be offered "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Regalado-Gomez alleges that she had PTSD when she applied for asylum in 1994 and the immigration judge could consider that evidence in evaluating her claim. Nevertheless, she has not presented any convincing reason why her condition could not have been discovered prior to her September 2017 hearing. Because she has been represented by counsel since 2014, we cannot say that the Board acted "arbitrarily, irrationally, or contrary to the law," *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007), in denying her motion.

For all these reasons, the petition for review is **DENIED.**