**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIAN R. CHEN,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-71387

Agency No. A203-599-196

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022[**]
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

    Petitioner Jian Rong Chen seeks review of the denial of her application for

withholding of removal, asylum, and protection under the Convention Against

Torture (CAT). Chen bases her claims on treatment that she and her family faced

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

at the hands of the local Chinese government after they resisted efforts to take their family home under eminent domain. She also alleges persecution because of her Catholic religious affiliation.[1] The Immigration Judge (IJ) and Board of Immigration Appeals (BIA) denied the petition, citing a lack of nexus for the withholding claim, failure to qualify under CAT, and prohibition of asylum under the now-invalid transit bar of 84 Fed. Reg. 33,829 (July 16, 2019). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

Where the BIA affirms the IJ citing its decision in *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and adding its own analysis, this court reviews the factual findings of the IJ and BIA for substantial evidence. *See Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). A petitioner contending that the BIA's findings are erroneous must establish that the evidence not only supports that conclusion, but compels it. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) ("A finding by the IJ is not supported by substantial

---

[1] Although Chen attempts to raise her alleged religious persecution here, the BIA correctly deemed the claim waived on appeal, and we cannot consider claims not properly exhausted before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA." (citing *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004))).

evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." (cleaned up)).

1. Chen challenges the IJ and BIA's finding of no nexus between her treatment and her claimed particular social group of "family."[2] She fails to demonstrate that the record compels a different conclusion. To establish nexus for withholding of removal, Chen need only show that the purported protected ground is "a reason" for her persecution, a "less demanding standard than [the] 'one central reason'" asylum standard. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Although Chen contends that the BIA erred in affirming the finding of no nexus, she points to no evidence in the record that compels a contrary conclusion. Rather, Chen seems to contend that because her entire family was targeted, it necessarily follows that she was targeted because of her familial membership. Yet, an "applicant's membership in a family-based particular social group does not necessarily mean than any harm inflicted or threatened by the persecutor is because of, or on account of, the family membership." *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 43 (B.I.A. 2017). Such is the case here. First, Chen

---

[2] Chen does not contest the IJ and BIA's findings with respect to her second social group and any challenge to them is waived. *See Tijani*, 628 F.3d at 1080 ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

only suffered injury when she directly opposed the actions of the government officials. Second, other villagers suffered the same treatment when they opposed the government action. Finally, several of Chen's family members, including her husband and children, were never targeted. Taken together, these facts support the IJ and BIA's determination that the officials were not motivated by Chen's familial membership. In light of the entire record, the agency's finding of no nexus for withholding is supported by substantial evidence, and this finding is determinative of the asylum claim as well.

2.      The government concedes that the transit bar under which the agency denied Chen's asylum claim is no longer good law and cannot support the claim. However, remand would be futile in light of the nexus determination. A lack of nexus under withholding's more generous "a reason" standard is dispositive of finding a lack of nexus under asylum's stricter "one central reason" standard. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Thus, any remand would be futile. *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 n.1 (9th Cir. 2007).

3.      Under CAT, it is the petitioner's burden to establish that "it is more likely than not" that she will be tortured if she returns to China, either by government officials or with government officials' acquiescence. 8 C.F.R.

4

§ 1208.16(c)(2); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). She must show a "particularized threat" of torture. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (emphasis omitted) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)). Chen is not entitled to CAT protection if her claims of possible torture are speculative. *See, e.g.*, *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (finding a "series of worst-case scenarios" insufficient to compel the conclusion that petitioner was more likely than not to be tortured upon return to his country); *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

Substantial evidence supports the agency's determination that Chen could not demonstrate that she had suffered torture in the past nor that it would be more likely than not that she would suffer torture if she returned to China.

**PETITION DENIED.**