NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS CRUZ-GARCIA, AKA Luis Cruz, AKA Luis Garcia, AKA Luis Rodriguez, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-70654 Agency No. A206-784-612 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2022**
Pasadena, California

Before: SILER,*** CALLAHAN, and H. THOMAS, Circuit Judges.

Petitioner Luis Cruz-Garcia seeks review of the denial of his request for

cancellation of removal and his motion to remand. We deny his petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Cruz-Garcia unlawfully came to the United States in 2000 when he was about 4 years old. The Department of Homeland Security issued a Notice to Appear to Cruz-Garcia in 2015 after he was arrested for a DUI.

Cruz-Garcia admitted the allegations against him, conceded removability, and sought cancellation of removal. To be eligible for such relief, Cruz-Garcia had to show, among other things, that (1) his removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child who is a U.S. citizen or lawful permanent resident; and (2) he merited a favorable exercise of discretion. 8 U.S.C.§ 1229b(b)(1). Cruz-Garcia argued that he satisfied the first requirement based on the hardship his young daughter—a U.S. citizen—would face if he were removed. He argued that he satisfied the second requirement in part because he had no criminal history as an adult other than the DUI. Cruz-Garcia acknowledged having an extensive juvenile record but stated that he had left his problematic past behind.

The IJ ruled against Cruz-Garcia, finding that he had failed to show that his daughter would suffer exceptional and extremely unusual hardship and that he merited a favorable exercise of discretion. The IJ entered an order of removal.

Cruz-Garcia appealed. In addition to challenging the IJ's ruling, he asked the BIA to remand his case to the IJ for two reasons: (1) he wanted the IJ to re-evaluate his request for cancellation of removal in light of the hardships that his

newly naturalized wife and newly born U.S. citizen daughter would face; and (2) he wanted to ask for the IJ to administratively close his case to allow him to seek a provisional waiver of his unlawful presence.[1]

The BIA dismissed the appeal, finding under de novo review that the IJ had correctly determined that Cruz-Garcia had not shown exceptional and extremely unusual hardship and that there were no clear errors in the factual findings underlying that conclusion. The BIA rejected Cruz-Garcia's request for remand because he had not proffered any evidence that his wife or newly born daughter would suffer such hardship, nor had he shown that he merited a favorable exercise of discretion. Cruz-Garcia timely filed this petition.

We have jurisdiction under 8 U.S.C. § 1252. When the BIA's decision relies on the IJ's reasoning, as is the case here, we review both decisions. *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). We review the denial of a motion to remand for abuse of discretion. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), *overruled on other grounds by Cheneau v. Garland*, 997 F.3d 916 (9th Cir. 2021) (en banc).

Cruz-Garcia asserts two arguments in his petition, but neither is persuasive.

---

[1] Cruz-Garcia does not challenge the BIA's determination that he failed to show that his older daughter would suffer exceptional and extremely unusual hardship. The government asserts—and Cruz-Garcia does not dispute—that Cruz-Garcia has waived this argument on appeal.

**1.** First, Cruz-Garcia argues that the BIA erred by not remanding the case so that the denial of cancellation could be reevaluated in light of his wife's change in immigration status and the birth of his younger daughter as a U.S. citizen. As a threshold matter, it is not clear whether we have jurisdiction to assess this issue. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales*, 439 F.3d 592, 600 n.5 (9th Cir. 2006).

But even assuming we have jurisdiction, this first argument fails because Cruz-Garcia has not shown that the agency abused its discretion by denying his motion to remand for reevaluation of his request for cancellation of removal. A petitioner who "seek[s] to remand or reopen proceedings to pursue relief bear[s] a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008). But Cruz-Garcia submitted no evidence of exceptional and extremely unusual hardship with his motion to remand—he merely submitted images of his marriage certificate, his wife's green card, and his younger daughter's birth certificate. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) ("[T]he hardship . . . must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country."); *see also Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010) (noting that the "'exceptional and extremely unusual hardship' standard is a very

4

demanding one" and concluding that the BIA did not abuse its discretion in determining that the petitioners' proffered evidence was insufficient to warrant reopening). Given the lack of evidence that Cruz-Garcia's wife or younger daughter would suffer an exceptional and extremely unusual hardship, we deny the petition to the extent it seeks remand for re-review of the denial of his request for cancellation of removal.

**2.** Cruz-Garcia next argues that the BIA erred by not remanding the case so that he could seek administrative closure and then a provisional waiver of his unlawful presence. As part of his argument, Cruz-Garcia had asked us to reverse the Attorney General's decision in *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), *overruled by Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 328 (A.G. 2021), which held that "immigration judges and the [BIA] lack the general authority to administratively close cases." *Id.* at 293. But as Cruz-Garcia notes in his submission under Federal Rule of Appellate Procedure 28(j), the Attorney General overruled *Matter of Castro-Tum* last year. *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326.

Despite this change in the agency's position, Cruz-Garcia's second argument still fails. He has not satisfied his burden of showing that "the BIA acted arbitrarily, irrationally, or contrary to the law." *Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). The BIA denied the motion to remand based in part on

Cruz-Garcia's failure to show that he was prejudiced by the denial of remand. On appeal, the government notes that, contrary to Cruz-Garcia's argument, administrative closure is not needed for him to seek immigration relief based on the version of the regulations applicable here. Cruz-Garcia does not meaningfully counter this, only arguing that other alternatives are "not practical." Accordingly, we deny Cruz-Garcia's petition to the extent it seeks remand to seek administrative closure.

Finally, Cruz-Garcia filed a motion to stay his removal pending these proceedings. We deny this motion as moot.

The petition is DENIED.