NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLEMENTINA ARELLANO MARTINEZ, | No. 24-5069 |
| Petitioner, | Agency No. A096-266-190 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 23, 2026
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Clementina Arellano Martinez ("Petitioner"), a native and citizen of Mexico

and United States lawful permanent resident, petitions for review of the decision

by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order

of an Immigration Judge ("IJ") denying Petitioner's application for asylum,

withholding of removal under the Immigration and Nationality Act ("INA"), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (citation modified). "We review factual findings for substantial evidence and legal questions de novo." *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (citations omitted). "Under the substantial evidence standard, findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.      The IJ and BIA committed a legal error in finding Petitioner ineligible for asylum and withholding of removal under the INA because her conviction under 18 U.S.C. § 545 is a particularly serious crime ("PSC"). Applicants who are convicted of a PSC are ineligible for asylum or withholding of removal. *See* 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); *id.* § 1231(b)(3)(B)(ii) (withholding of removal under the INA). At step one of the PSC analysis, the IJ and BIA must

---

[1] "Two forms of relief are available under CAT: (1) withholding of removal under 8 C.F.R. § 1208.16(c) for aliens who are not barred from eligibility due to enumerated types of criminal convictions, and (2) deferral of removal under 8 C.F.R. § 1208.17(a) for aliens entitled to protection but subject to mandatory denial of withholding." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010). Petitioner applied for, and the IJ and BIA denied, both forms of relief under CAT.

consider "the nature of the conviction . . . by looking at the elements of the offense" to determine whether "the elements of the offense . . . potentially bring the offense within the ambit of a particularly serious crime." *Bare v. Barr*, 975 F.3d 952, 961-62 (9th Cir. 2020) (citation modified). In considering the nature of Petitioner's conviction at step one of the PSC analysis, the IJ and BIA relied on the maximum sentence allowed under 18 U.S.C. § 545 and the BIA's holding in a prior decision that an 18 U.S.C. § 545 conviction was a crime involving moral turpitude. Those are not elements of the offense because they are not "things the prosecution must prove to sustain a conviction" under 18 U.S.C. § 545. *Romero-Millan v. Garland*, 46 F.4th 1032, 1041 (9th Cir. 2022) (citation modified). The agency's reliance on factors that are not elements of 18 U.S.C. § 545 at step one of the PSC analysis was legal error and thus we grant the petition as to Petitioner's application for asylum and withholding of removal under the INA.[2]

2.      The IJ and BIA also erred in denying Petitioner's application for cancellation of removal. "Title 8 U.S.C. § 1229b authorizes the BIA to cancel the removal of a petitioner." *Lemus-Escobar v. Bondi*, 158 F.4th 944, 952 (9th Cir. 2025). "The analysis proceeds in two steps." *Id.* First, the statute defines who is

---

[2] Although, in light of our conclusion above, we need not reach this issue, we also note that the IJ and BIA may have erred by relying upon Petitioner's "indifference" to distributing methamphetamine, without discussing her statement that she did not in fact know what type of narcotics she was transporting.

eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). Second, the IJ and BIA must decide whether a petitioner who is statutorily eligible for cancellation of removal "merits a favorable exercise of discretion." 8 U.S.C. § 1229a(c)(4)(A). The IJ and BIA determined that Petitioner does not warrant a favorable exercise of discretion, in part by finding that Petitioner did not accept responsibility for her criminal history. The IJ and BIA did not cite, and there is no suggestion the IJ or BIA considered, any of the evidence that Petitioner *did* accept responsibility, including Petitioner's plea agreement, Presentence Investigation Report, and her sentence substantially below the guideline range. That was legal error because the IJ and BIA must "consider the relevant evidence . . . in deciding whether to grant cancellation of removal." *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (citation omitted); *see also Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) (recognizing that we have "jurisdiction to review whether the IJ considered relevant evidence in making this decision"). Thus, we grant the petition as to Petitioner's application for cancellation of removal.

3.   We deny the petition as to Petitioner's application for both forms of relief available under CAT: withholding of removal and deferral of removal. To qualify for either form of CAT relief, an applicant must show "'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023)

4

(quoting 8 C.F.R. § 1208.16(c)(2)); *see also* 8 C.F.R § 1208.17(a). Where "the allegations of torture rest on a hypothetical chain of events, 'CAT relief cannot be granted unless each link in the chain is more likely than not to happen.'" *Andrade v. Garland*, 94 F.4th 904, 915 (9th Cir. 2024) (quoting *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022)).

Even though Petitioner has never been institutionalized for her mental health, her theory that she will be tortured in Mexico rests on a hypothetical chain of events in which (1) she will not have adequate access to the medication and treatment she needs in Mexico; (2) without adequate access to medication, her mental health will deteriorate so much that she will come to the attention of law enforcement officials; (3) law enforcement will institutionalize Petitioner because of her mental health; (4) she will be abused and mistreated in a psychiatric institution; and (5) that abuse and mistreatment will be due to the government's acquiescence or specific intent to inflict suffering. The IJ and BIA found that Petitioner failed to establish that any of those links is more likely than not to happen.

Contrary to Petitioner's argument on appeal, the IJ and BIA did not legally err by failing to consider the State Department's Mexico 2022 Human Rights Report ("State Department Report"). The State Department Report is relevant only to one link in the hypothetical chain of events, namely, link (4): the likelihood that

5

Petitioner will be mistreated once institutionalized. Moreover, the State Department Report is entirely cumulative of more detailed documentary evidence of conditions in Mexican psychiatric institutions that the IJ and BIA considered. The IJ and BIA provided two reasons why that evidence is insufficient for Petitioner to meet her burden to qualify for CAT relief, and Petitioner does not challenge either of those reasons. Thus, the State Department Report is not "potentially dispositive . . . documentary evidence" in this case. *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). Accordingly, the IJ and BIA were not required to "give [it] reasoned consideration." *Id.*

Furthermore, substantial evidence supports the IJ and BIA's factual findings that a Mexican Supreme Court decision may lead to fewer institutionalizations and that the expansion of the IMSS-Bienestar healthcare program decreases the chance that Petitioner will have insufficient access to the medication and treatment she requires. Those factual findings were based on documentary evidence and thus are not "bare speculation." *Arrey v. Barr*, 916 F.3d 1149, 1161 (9th Cir. 2019) (concluding that a factual finding contrary to petitioner's testimony and without any support in the record was "bare speculation" and thus not supported by substantial evidence). Petitioner's conflicting evidence in the record does not suffice to meet her burden to establish that "'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Cruz*, 146 F.4th at 737 (quoting 8 U.S.C.

6

§ 1252(b)(4)(B)).

Therefore, the IJ and BIA did not err in denying Petitioner's application for deferral of removal under CAT based on the finding that Petitioner failed to establish that it is more likely than not that Petitioner will be tortured if removed to Mexico. For the same reason, Petitioner's application for *withholding* of removal under CAT fails. *See Aguilar-Ramos*, 594 F.3d at 704 (both forms of CAT relief require petitioner to "prove that it is more likely than not that her or she will be tortured in the country of removal"); 8 C.F.R. § 1208.16(c)(2). Thus, although the IJ and BIA found Petitioner ineligible for withholding of removal under CAT based on a legally erroneous PSC analysis, remand on this issue would be futile. *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 n.1 (9th Cir. 2007) (recognizing that remand to the IJ and BIA is not required when doing so would be futile).

**PETITION GRANTED IN PART, DENIED IN PART.**